UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERONICA VICENTENO,

    Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation,

    Defendants.

No. 14 CV 2574

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

At age 37, Veronica Vicenteno applied to be a City of Chicago Police Officer.[1] Complaint ¶¶ 18, 24. As part of the application process, she disclosed that she suffered from epilepsy. Complaint ¶ 25. The day after her 40th birthday, the City informed her that because she was over 40, existing policy prohibited the City from hiring her. Complaint ¶¶ 22, 30–31. Vicenteno sued, alleging that the City violated: (1) the Age Discrimination in Employment Act; (2) the Americans with Disabilities Act; and (3) the *Shakman* Accord (a court order that prohibits the City from basing employment decisions on certain improper considerations). The City moved to dismiss the age discrimination and *Shakman* counts. For the reasons discussed below, that motion is granted.

---

[1] The facts recited are taken from the complaint (Dkt. 1), which is cited as "Complaint."

## I. Legal Standards

The City's motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I therefore construe the complaint in the light most favorable to Vicenteno, accept as true all well-pleaded facts, and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To survive the City's motion, the complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Analysis

### A. Count I (Age Discrimination in Employment Act)

The ADEA does not prohibit *all* discrimination on the basis of age—it has limits, two of which are relevant here. First, under certain circumstances, the ADEA allows a local government to refuse to hire police officers on the basis of age. Second, the ADEA does not protect persons under 40. As discussed below, combined, these exceptions require dismissal of Vicenteno's ADEA claim.

As Vicenteno concedes (Dkt. 15 at 5–6), the ADEA permits the City to set a maximum age for new police officers. 29 U.S.C. § 623(j). The City has done so, adopting an ordinance that prohibits it from hiring anyone over 40 to be a police officer. CHICAGO, IL. MUN. CODE § 2-152-410(e) (2000). Refusing to hire an over-40 applicant is thus not ADEA-actionable age discrimination, as long as the City's ordinance is a "bona fide hiring plan," rather than a "subterfuge," and the decision

2

not to hire was "pursuant to" the ordinance. 29 U.S.C. § 623(j)(2). Because § 623(j) is an affirmative defense, the City bears the associated burdens of proof and persuasion. *Davis v. Ind. State Police*, 541 F.3d 760, 763–64 (7th Cir. 2008). As Vicenteno points out, a motion to dismiss under Rule 12(b)(6) ordinarily should not be granted on the basis of an affirmative defense. Nonetheless, dismissal is appropriate if Vicenteno's complaint, and her arguments in support, conclusively demonstrate that her claim is not legally viable. *Minch v. City of Chicago*, 363 F.3d 615, 618 (7th Cir. 2004) ("[W]e conclude that the particular theory of subterfuge that the plaintiffs pursue in this case is not viable. We accordingly remand with directions to dismiss their ADEA claims.").

"A plan is 'bona fide' when it is real rather than a fable spun for the occasion." *Davis*, 541 F.3d at 762. The municipal ordinance, adopted in 2000, is real, and Vicenteno agrees that the ordinance is valid. Dkt. 15 at 6.[2] An age-based prohibition on hiring is a "subterfuge" if it is used to achieve a *different* form of discrimination—if used, for example, to pay older employees less, or to retaliate against employees who oppose age discrimination. *Minch*, 363 F.3d at 629–30. Vicenteno repeatedly alleges just the opposite—that the City used its ordinance for

---

[2] In its opening brief, the City specified that the municipal ordinance was the pertinent "hiring plan" for purposes of § 623(j). Dkt. 8 at 9–10. Vicenteno's response argued that two documents (a job posting and a consent order from the *Shakman* litigation discussed below) constitute the City's hiring plan, and that the City acted inconsistently with the plan set forth in those documents. (Dkt. 15 at 7.) I treat the ordinance, not the two documents Vicenteno identified, as the hiring plan to be assessed under § 623(j) because there is no dispute that it was the ordinance that set the maximum age for new police officers and when Vicenteno reached that age, she was ineligible for referral. In other words, even under Vicenteno's theory of the case, it was the ordinance that caused the alleged discriminatory act.

3

its specific purpose of rejecting older applicants. Dkt. 15 at 9–10 (alleging the City acted "specifically in order to select younger candidates" and that the City found older candidates "undesirable"); *see also* Complaint ¶ 46; Dkt. 15 at 6, 7, 9, 10. In effect, Vicenteno concedes the ordinance was not a subterfuge to violate the purposes of the ADEA (*i.e.*, to discriminate impermissibly on account of age in some aspect of the employment relationship other than setting a maximum age for new police officers).

Finally, the City's decision to reject Vicenteno was "pursuant to" its plan if application of the plan dictated that outcome. *Davis*, 541 F.3d at 763. If instead the City made exceptions by sometimes hiring police officers over 40, then the decision to reject Vicenteno could have been based on some consideration other than the plan. *See Davis*, 541 F.3d at 763–64. Again, Vicenteno alleges just the opposite. Dkt. 15 at 10 (alleging that Plaintiff was removed from consideration "due to the existing municipal ordinance"); *see also* Complaint ¶¶ 31, 37, 38, 44 (all alleging that the City refused to hire Vicenteno after she reached the "maximum" age of 40); Dkt. 15 at 7, 9–10 (same). The decision to reject Vicenteno was made "pursuant to" the ordinance.

Vicenteno alleges that the City purposefully delayed her application for three years, so that as soon as she turned 40, it could terminate her application pursuant to the ordinance. Complaint ¶ 37. But even if that were true, her application was terminated once she turned 40 pursuant to a bona fide hiring plan that was not a subterfuge used to achieve prohibited discrimination. And the ADEA provides no

4

remedy for the three-year delay as applied to Vicenteno, because it only protects people over 40. 29 U.S.C. § 631(a); *see Hamilton v. Caterpillar, Inc.*, 966 F.2d 1226, 1227 (7th Cir. 1992) (noting that ADEA's protected class is limited to those 40 and above). The facts alleged do not state a claim for age discrimination actionable under the ADEA.

Count I of the complaint is therefore dismissed.

### B. Count III (*Shakman* Accord)

In Count III, Vicenteno asserts that the City violated the *Shakman* Accord. The Accord, which prohibits the City from basing employment decisions on certain improper considerations, resulted from litigation in this district dating back to 1969. *See generally Shakman et al. v. Democratic Org. of Cook County et al.*, No. 69-cv-2145 (N.D. Ill.). The Accord required the City to adopt a hiring plan, which would be deemed "fully incorporated by reference into" the Accord once it was approved by the court. Complaint ¶ 63; Accord[3] at 13. The City's hiring plan was approved by the court on June 29, 2011. Complaint ¶ 65.

The City moved to dismiss the *Shakman* claim because, according to the City, the Accord only prohibits basing employment decisions on improper *political* considerations, which Vicenteno has not alleged. Dkt. 8 at 14. Seventh Circuit precedent is on the City's side: the court has repeatedly held that a *Shakman* claim requires a plaintiff to show that political considerations led to the ultimate employment decision. *Everett v. Cook County*, 655 F.3d 723, 728 (7th Cir. 2011)

---

[3] Vicenteno attached the Accord to her complaint. Citations to "Accord" are to Dkt. 1-4.

(citing *Shanahan v. City of Chicago*, 82 F.3d 776, 780 (7th Cir. 1996)). Vicenteno acknowledges this precedent but argues that a different rule should apply to conduct taking place after June 29, 2011, when the City's new hiring plan was approved and incorporated by reference into the Accord. Dkt. 15 at 12–13.

Vicenteno does not allege that political considerations were involved in the decision to remove her from the eligibility list, but argues that a plaintiff may bring a *Shakman* claim any time the City acted in a way that was inconsistent with its hiring plan, even if no political considerations were involved. Dkt. 15 at 13. I disagree, and am persuaded by the courts in this district that have rejected the position Vicenteno advances. *See Bonnstetter v. City of Chicago*, 2014 U.S. Dist. LEXIS 100821, at *11 (N.D. Ill. July 24, 2014) ("The *Shakman* Accord does not allow an individual to file a *Shakman* claim in federal court simply because the City failed to follow its hiring plan; rather, the basis of the claim must be unlawful political discrimination."); *see also Fishwick v. City of Chicago*, No. 14-cv-2553 (N.D. Ill. Aug. 8, 2014).[4]

Moreover, the Accord itself defeats Vicenteno's position. While she is correct that the 2011 hiring plan was incorporated into the Accord by reference, the Accord's provision permitting cases to be filed in federal court remains limited to instances of political discrimination. Accord at 21 (stating, under the heading "Procedure for Alleged Violations Occurring After the Entry of the Accord," that

---

[4] The City cited the *Bonnstetter* opinion to the *Fishwick* court. *Fishwick*, No. 14-cv-2553, Dkt. 14. I understand that in its oral order dismissing the plaintiff's *Shakman* claim, the *Fishwick* court specifically referenced *Bonnstetter* and relied on the same reasoning.

6

"[a]ny individual who believes that he or she is a victim of unlawful political discrimination in connection with any aspect of City employment alleged to have occurred during the period that this Accord is in effect may . . . file a complaint in federal court.").

Count III of the complaint is therefore dismissed.

### III. Conclusion

Defendant's motion to dismiss [7] is granted. Counts I and III are dismissed.

ENTER:

*[signature]*

Manish S. Shah
United States District Judge

Date: 8/21/14